UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOBEY HENDERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:11-cv-00267-GZS |
| | ) |
| WARDEN, MAINE STATE PRISON, and | ) |
| DIRECTOR, MAINE DEPARTMENT OF | ) |
| CORRECTIONS[1] | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON PLEADINGS
SEEKING 28 U.S.C. § 2254 AND § 2241 HABEAS RELIEF**

Jobey Henderson has filed a sheath of papers with this court that include four 'distinct'[2] but highly repetitive memoranda that request federal habeas relief from his conviction in the State of Michigan for assault on a prison guard that apparently resulted in a sentence of 180 months because of his past criminal history. Henderson also includes records pertaining to his 2003 conviction for sexual assault of a minor that was a factor in his 2007 sentencing proceedings. Henderson acknowledges that he is not in the physical custody of the Maine Department of Corrections (Doc. No. 1 at 1; Doc. No. 1-5 at 1.)[3] Although Henderson's typewritten submissions on greenish-yellow ruled paper are not easy to decipher, I have read through all of his pleadings and exhibits. I could discern no factual link to Maine whatsoever

---

[1] In two of his pleadings Henderson lists only an unspecified "Director" as respondent. But in his third pleading he puts "Warden" in the caption and indicates in the body of these pleadings that he views the Director of the Maine Department of Corrections as a respondent. (See e.g., Doc. No. 1-5.)

[2] It may have been possible to open two different cases with the pleadings that were contained in two separate envelopes. Given that my recommendation of dismissal applies to both sets of pleadings it is unnecessary to split the pleadings under separate case numbers.

[3] These two pleadings are very close to identical. They do list different Michigan state court judges in a section of both pleadings that discusses entitlement to documents.

and it perplexes me why he chose to file this habeas petition against the Maine Department of Corrections. It is worth noting that the adult and juvenile criminal history listed in the two pre-sentence reports Henderson has filed appear, on the face, to be based entirely on conduct in Michigan.

In insisting that the District of Maine should review his petition, Henderson argues:

> Regarding the restraint complained of in Maine regarding custody, Parole termination, discharge or death in violation of the Constitution, laws and treaties of the United States and it is necessary to bring Petitioner to Court to testify in the Federal Judicial District of Maine based on actions and inactions in both Michigan and Maine. § 2241; USCA Amends 8, 14, § 1.

(Doc. No. 1-5 at 1; Doc. No. 1 at 1.)

Needless to say, there is no legal basis for a federal court to bring a convicted state court inmate into a federal court in a state that has no material contact with the petitioner to 'testify' on a matter not within its jurisdiction. Challenges to state criminal convictions under federal habeas statutes may be brought only in a district having territorial jurisdiction over the custodian of the petitioner. See 28 U.S.C. § 2243; Rasul v. Bush, 542 U.S. 466 (2004); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973); Vasquez v. Reno, 233 F.3d 688, 691 (1st Cir.2000).[4] Henderson cannot do an end run around this rule by positing that he is bringing this petition against the Warden of the Maine State Prison or the Director of the Maine Department of Correction, neither of whom has any custodial power over him whatsoever.

I also note that Henderson has litigated his habeas related claims in the federal courts in Michigan as to both his 2003 sexual assault conviction, see Henderson v. Perry, Order Transferring Case to the United States Court of Appeals for the Sixth Circuit pursuant to 28

---

[4] See also e.g., Judd v. U.S. Atty. Gen., Civil No. 10-cv-403-JL., 2010 WL 5563573, 3 (D.N.H. Dec. 9, 2010); Judd v. Lappin, Civil Action No. 2:10-CV-731, 2010 WL 3522974, 1 (S.D. Ohio Sept. 10, 2010).

U.S.C. § 2244(b)(3)(A), 5:11-cv-12432, Doc. No. 4 (E.D. Mich. June 9, 2011) (second challenge to the 2003 conviction for criminal sexual conduct); Henderson v. Smith, Opinion and Order Adopting Magistrate Judge's Report and Recommendation, 2:06-cv-12120-LPZ-VMM, Doc. No. 41 (E.D. Mich. Nov. 16, 2007) (opinion addressing a 28 U.S.C. § 2254 challenge to the criminal sexual conduct convictions)[5], and his 2007 assault on a prison guard conviction, see Henderson v. Bauman, Opinion and Order Denying Petition for Writ of Habeas Corpus, 2:08-cv-12139, Doc. No. 23 (E. D. Mich. May 11, 2011) (challenging 2007 conviction for assault on a prison guard).[6] See also Henderson v. Mckee, No. 09-cv-11225, 2010 WL 5330502 (E.D. Mich. Dec. 21, 2010) (Sections 2254 and 2241 petition dismissed without prejudice on the grounds that it was challenging the conditions of Henderson's confinement). It is not as if Henderson has been denied an opportunity to seek federal habeas review in the district having territorial jurisdiction over his custodian(s).

**Conclusion**

For the reasons stated above I conclude that this Court cannot consider Henderson's habeas petition(s) either under 28 U.S.C. § 2241 or § 2254. I recommend that Court dismiss these pleadings without prejudice to Henderson's rights to seek any remaining available habeas relief in the proper forum.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being

---

[5]   See id. Doc. No. 38 (Report and Recommendation).
[6]   See Henderson v. Caruso, 08-CV-12139, 2008 WL 3539009, 1 (E.D. Mich. Aug.12, 2008) (granting motion for reconsideration of the dismissal of this habeas).

served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

July 18, 2011